# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY P. PATRON, | ) 1:06-cv-01660-AWI-TAG HC |
| Petitioner, | ) ORDER REQUIRING RESPONDENT TO FILE A RESPONSE |
| v. | ) |
| DENNIS SMITH, Warden, | ) ORDER DIRECTING CLERK OF COURT TO SERVE DOCUMENTS |
| Respondent. | ) ORDER SETTING BRIEFING SCHEDULE |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**PROCEDURAL HISTORY**

On November 15, 2006, Petitioner filed a petition for writ of habeas corpus. (Doc. 1). Petitioner alleges that, as an inmate at the Federal Prison Camp Atwater, the Bureau of Prisons ("BOP") has not followed 18 U.S.C. § 3621(b), but has instead followed the 2002 and 2005 regulations regarding placement in a Residential Re-entry Center ("RRC"), which have been successfully challenged as illegal. (Doc. 1, p. 1). Petitioner seeks an order from this Court that BOP be required to "correctly follow § 3621(b)" and "immediately transfer Petitioner to a RRC nearest his place of release. (Id. at p. 4).

**DISCUSSION**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must

1  bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Capaldi v. Pontesso, 135 F.3d
2  1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v.
3  Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-
4  894 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v.
5  Hutchings, 835 F.2d 185, 186-187 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th
6  Cir. 1980).

   To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manor.  See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Tubwell, 37 F.3d 175 (alleging error in parol revocation); Hutchings, 835 F.2d at185-86 (claiming Board of Parole mistakenly denied petitioner's release); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parol).  A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian.  Hutchings, 835 F.2d at187; Brown, 610 F.2d at 677.

   In this case, Petitioner is alleging that the BOP has failed to properly apply 18 U.S.C. § 3621(b), thereby illegally limiting the amount of time Petitioner may be placed in a RRC facility.  Petitioner is thus challenging the execution of his sentence rather than the imposition of that sentence.  Therefore, his petition is proper under 28 U.S.C. § 2241.  In addition, because Petitioner is currently incarcerated at Federal Prison Camp Atwater, and that facility is within the Eastern District of California, Fresno Division, this Court has jurisdiction to proceed to the merits of the petition.

   The Court notes that this precise issue has previously been resolved in favor of a federal petitioner and against Respondents.  Horn v. Ellis, No. 06 CV-F-0006 OWW TAG HC, 2006 WL 1071959 (E.D. Cal. April 21, 2006).  Because Petitioner may be entitled to the requested relief if the claimed violations of rights are proved,  Respondents are ORDERED to file a response within thirty

1  (30) days of the date of service of this order. <u>See</u> 28 U.S.C. § 2243; <u>cf</u>. Rule 4 of the Rules

2  Governing Section 2254 Cases.  Respondents shall include with the response any and all transcripts

3  or other documents relevant to the determination of the issues presented in the petition.

**ORDER**

5  Accordingly, the Court ORDERS that:

6  1. Respondent SHALL file a response to the petition within thirty (30) days of the date of

7  service of this order and shall include with that response any and all documents relevant to

8  the determination of the issues presented in the petition;

9  2. Petitioner's traverse, if any, is due on or before fifteen (15) days from the date said

10  response is filed; and,

11  3. The Clerk of the Court shall serve a copy of this order together with a copy of Petitioner's

12  petition, along with all exhibits, on the United States Attorney for the Eastern District of

13  California or his representative, an agent for the Federal Prison Camp Atwater, and the

14  United States Bureau of Prisons.

16  IT IS SO ORDERED.

17  Dated:   **April 17, 2007**                    **/s/ Theresa A. Goldner**
                                                   UNITED STATES MAGISTRATE JUDGE